IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES L. NATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-12-STE |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

### I.      PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 10-25). The Appeals Council

denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.  THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 7, 2020, the alleged onset date. (TR. 13). At step two, the ALJ determined Mr. Nation suffered from the following severe impairments: type II diabetes mellitus; diabetic neuropathy; and bilateral osteoarthritis of the knees post arthroscopic repair. (TR. 13). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 16).

At step four, the ALJ concluded that Mr. Nation retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except he can never climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. He can work in an environment that contains no more than moderate noise level as defined in the Selected Characteristic of Occupations (SCO). The claimant must avoid all exposure to workplace hazards such as unprotected heights and dangerous moving machinery.

(TR. 17).

With this RFC, The ALJ concluded that Plaintiff could not perform his past relevant work (PRW). (TR. 23). As a result, the ALJ utilized a vocational expert (VE) to determine whether other jobs existed in the national economy that Plaintiff could

perform based on his age, education and work experience. Specifically, the ALJ asked the VE if Mr. Nation had retained any skills from his PRW which would be transferable to other light or sedentary jobs in the national economy. (TR. 90). The VE answered affirmatively, stating that Mr. Nation had acquired skills from his PRW as an inventory clerk which included checking stock, receiving, storing, requisitioning, and accounting for materials. (TR. 90). Ultimately, the ALJ concluded that with the RFC limitations and skills acquired from his PRW, Plaintiff could perform the job of procurement clerk. (TR. 24-25). Thus, at step five, the ALJ concluded that Plaintiff was not disabled based on his ability to perform the identified job.

### III.   ISSUE PRESENTED

On appeal, Mr. Nation alleges error in the ALJ's findings at step five. (ECF No. 7:9-13).

### IV.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. NO ERROR AT STEP FIVE

As stated, at step five, the ALJ concluded that Plaintiff was not disabled based on his ability to perform the job of procurement clerk. *See supra*. Plaintiff alleges error in the ALJ's findings at step five. (ECF No. 7:9-13). The Court disagrees with Mr. Nation.

### A. The ALJ's Duty at Step Five

On the date of the administrative decision, Plaintiff was 57 years old and the ALJ limited Mr. Nation to performing only "sedentary work." (TR. 17 & 23). These factors triggered two specific findings the ALJ had to make before concluding that Plaintiff was not disabled. First, at 57 years old, Mr. Nation was considered a person of "advanced age" under the Social Security regulations. *See* 20 C.F.R. § 404.1563(e). As a result, Mr. Nation must have acquired skills from his past work that are transferable to skilled or semi-skilled work. *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005); *see* 20 C.F.R. § 404.1568(d)(4) ("If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to *sedentary* or *light work,* we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work....").

4

Second, because the ALJ found that Plaintiff was limited to performing only sedentary work, an additional regulation concerning transferability of skills comes into play: "If you are of advanced age and you have a severe impairment(s) that limits you to no more than *sedentary* work, we will find that you have skills that are transferable to skilled or semiskilled sedentary work only if the sedentary work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry." 20 C.F.R. § 404.1568(d)(4); *see also* 20 C.F.R. Part 404, Subpt. P, App. 2, Rule 201.00(f).

When these two factors come into play, the ALJ must: (1) present the vocational expert with a hypothetical that asks whether or not the skills are transferable with little or no vocational training or job orientation and (2) make findings regarding whether the claimant can utilize the transferable skills at a new job with minimal vocational adjustment. *Nielson v. Sullivan*, 992 F.2d 1118, 1121 (10th Cir. 1993); *Webster v. Barnhart*, 187 F. App'x 857, 860 (10th Cir. 2006).

**B.     No Error at Step Five**

Mr. Nation's arguments are two-fold. First, Plaintiff argues that the ALJ erred in failing to make the requisite "findings" regarding the degree to which Plaintiff's skills from his former job were transferable to the sedentary position of "procurement clerk." (ECF No. 7:12). Second, Mr. Nation argues there is a lack of substantial evidence to support the ALJ's finding that the skills obtained from Plaintiff's PRW as an inventory clerk were actually transferable to the job of procurement clerk. (ECF No. 7:12). According to Mr. Nation:

5

>despite both jobs being of a clerical nature, there is little similarity of Mr. Nation's required walking climbing ladders, and unloading shelves while scanning items (i.e. checking stock) with a handheld device as an inventory clerk to the responsibilities of preparing purchase orders and invitation-of-bid forms, verifying nomenclature and specifications of purchase requests, consulting with catalogs and suppliers regarding prices and specifications, and compiling records of items purchased or transferred while using a computer required by a procurement clerk according to the VE and DOT's description of that job.

(ECF No. 7:12-13). Neither argument is persuasive.

First, at the hearing, the ALJ questioned the VE regarding whether, considering the fact that Plaintiff had performed semi-skilled and skilled work in the past and he was over age 55, he had any skills from his PRW that would be transferable to either light or sedentary work. (TR. 90). The VE replied affirmatively, stating that from the inventory clerk job, Plaintiff had obtained skills involving checking stock, as well as receiving, storing, issuing, requisitioning, and accounting for materials. (TR. 90). The ALJ then recognized the "heightened standard" based on Plaintiff's age and asked the VE if there were any sedentary jobs available that Plaintiff could do based on the transferable skills obtained in the PRW which would require "little to no vocational adjustment." (TR. 90-91). The VE again replied affirmatively, stating that Plaintiff could perform the job of procurement clerk, listed in the Dictionary of Occupational Titles at #249.367-066. (TR. 91-92).

In the administrative decision, the ALJ made findings that Mr. Nation had acquired work skills from his PRW and that those skills would transfer to the job of procurement clerk. (TR. 23-24). In doing so, the ALJ recited the VE's testimony, stating:

The vocational expert testified that the claimant's past relevant work as an inventory clerk with a specific vocational preparation (SVP) code of 4 and required the following skills: checking stock, receiving storing, requisitioning, accounting for materials[.]

. . .

The vocational expert was asked if any occupations exist which could be performed by an individual with the same age, education, past relevant work experience, and residual functional capacity as the claimant, and which require skills acquired in the claimant's past relevant work but no additional skills. The vocational expert responded and testified that representative sedentary occupations such an individual could perform include:

| Occupation | DOT Code | Jobs in the National Economy |
|---|---|---|
| Procurement clerk | 249.367-066 | 51,000 |

. . .

To find that an individual who is age 55 or over and is limited to sedentary work exertion has skills transferable to sedentary occupations, there must be very little, if any vocational adjustment required in terms of tools, work processes, work settings or the industry. (SSR 82-41). In order to establish transferability of skills for such individuals, the semiskilled or skilled job duties of their past work must be so closely related to other jobs which they can perform that they could be expected to perform these other identified jobs at a high degree of proficiency with a minimal amount of job orientation. The vocational expert testified that the identified job duties would transfer to the job as a procurement clerk with little or no vocational adjustment.

(TR. 23-24).

Mr. Nation argues that the ALJ failed to make the requisite findings regarding degree to which Plaintiff's skills from his former job were transferable to the sedentary position of "procurement clerk." *See supra*. According to Plaintiff, "the ALJ abdicated his responsibility to make independent findings regarding Mr. Nation's heightened transferable skills[.]" (ECF No. 7:13). The Court disagrees. The ALJ made the proper findings and in doing so relied on the information gleaned from the VE, who testified at

length regarding Plaintiff's transferable skills and their relation to the job of procurement clerk. Despite Plaintiff's contrary argument, the ALJ did not delegate the analysis to the VE. Instead, he referenced the VE's testimony approvingly, in support of his own findings. There was nothing improper about this and nothing more was required. *Id. See Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (noting that an ALJ is not required to use the words "I find" in connection with his conclusion regarding the demands of the plaintiff's past relevant work but "may rely on information supplied by the VE at step four." (quotations omitted)).

Mr. Nation also argues that there is a lack of substantial evidence to support the ALJ's finding that the skills obtained from Plaintiff's PRW as an inventory clerk were actually transferable to the job of procurement clerk. (ECF No. 7:12-13). According to Plaintiff, there exists "little similarity" between the former job of inventory clerk and the job of procurement clerk which the ALJ relied on at step five. *Id.* Specifically, Mr. Nation argues that the required skills in the inventory clerk job of "walking, climbing ladders, and unloading shelves while scanning items (i.e. checking stock)" were incompatible with the requirements of the procurement clerk job which required "preparing purchase orders, purchase orders and invitation-of-bid forms, verifying nomenclature and specifications of purchase requests, consulting with catalogs and suppliers regarding prices and specifications, and compiling records of items purchased or transferred while using a computer." (ECF No. 7:12-13). For two reasons, the Court disagrees.

First, the job of inventory clerk is classified as exertionally "medium"—both as described by Mr. Nation and by the DOT. *See* TR. 87; DOT #222.387-026. Social

Security Regulation 83-10 states: "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds." Social Security Regulation 83-10, Titles II and XVI: Determining Capability To Do Other Work-the Medical-vocational Rules of Appendix 2, 1983 WL 31251, at *6 (Jan. 1, 1983). The job of procurement clerk, however, is classified as "sedentary," which requires walking only "occasionally" and lifting no more than ten pounds at any time. 20 C.F.R. § 404.1567(a). And the job of procurement clerk requires no climbing. *See* DOT #249.367-066. As a result, Mr. Nation's concerns regarding skills from the former job which required extensive walking, climbing ladders, and unloading shelves are simply unfounded as these skills were not required in the job of procurement clerk. The skills from the PRW deemed transferable by the VE involved checking stock, and receiving, storing, issuing, requisitioning, and accounting for materials—findings which Mr. Nation has not challenged. (TR. 23, 90).

Second, after listening to Mr. Nation describe his PRW, the VE testified that the job would be classified as inventory clerk from which Mr. Nation gained skills which would be transferable to the job of procurement clerk. (TR. 87, 90-92). The VE's testimony alone provides substantial evidence to support the ALJ's findings in this regard. *See Prince v. Apfel*, No. 97–5176, 1998 WL 317525, at *3 (10th Cir. 1998) (holding that ALJ's finding of transferable skills was supported by substantial evidence when "[t]he only evidence in the record relevant to the transferability of claimant's skills

was the vocational expert's testimony, clearly a proper evidentiary source on this topic").

In sum, the Court concludes: (1) the ALJ did not err in failing to make the requisite findings regarding the degree to which Plaintiff's skills from his former job were transferable to the sedentary position of "procurement clerk" and (2) substantial evidence supports the ALJ's finding that the skills obtained from Plaintiff's PRW as an inventory clerk were transferable to the job of procurement clerk.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on July 31, 2023.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE